IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FARMERS LLOYDS INSURANCE COMPANY OF TEXAS, | § § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:23-cv-2209-S-BN |
| HERMAN HAYNES AND SHARLA HAYNES, | § § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER DIRECTING**
**CLERK TO NOT ENTER DEFAULT**

Plaintiff Farmers Lloyds Insurance Company of Texas, successor in interest to Metropolitan Lloyds Insurance Company, has filed a Request for Entry of Default against Defendants Herman Haynes and Sharla Haynes. *See* Dkt. No. 7.

Farmers alleges that both defendant "were both served via process server with a summons and a copy of the Plaintiff's Complaint on October 10, 2023"; that, as of the filing of the Request for Entry of Default on November 2, 2023, "Defendants did not file a responsive pleading or otherwise defend the suit of In this case"; and that Farmers is entitled to default. *See* Dkt. No. 7 at 2. Farmers contends that, "[b]ecause the Defendants were served with process and failed to file a responsive pleading or otherwise defend the suit, Plaintiff is entitled to default," and Farmers "requests that the court clerk enter default against the Defendants in favor of Plaintiff." *Id.* at 2-3.

But, later that same day, Defendants Herman Haynes and Sharla Haynes filed an answer to the Original Complaint. *See* Dkt. No. 8. Defendants are representing

themselves, which they are permitted to do as individuals in federal court. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.").

A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law. *See* FED. R. CIV. P. 55(a).

"This first step, entry of default, is a ministerial matter performed by the clerk and is a prerequisite to a later default judgment." *Am. S. Ins. Co. v. Buckley*, No. 1:09-CV-723, 2010 WL 5654105, at *3 (E.D. Tex. Dec. 28, 2010), *rec. adopted*, 2011 WL 288604 (E.D. Tex. Jan. 27, 2011).

> Although [Federal Rule of Civil Procedure] 55(a) directs that, where a party "has failed to plead or otherwise defend" against a properly served complaint, "the clerk must enter the party's default," "[t]he fact that Rule 55(a) gives the clerk authority to enter a default is not a limitation on the power of the court to do so." 10A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2682 (4th ed. 2016). "A district judge's decision about whether he or she should perform the ministerial function of entering default that is assigned to the clerk by the text of Rule 55(a) is vested within the judge's sound discretion." *Liberty Mut. Ins. Co. v. Fleet Force, Inc.*, No. cv-09-S-773-NW, 2013 WL 3357167, at *2 (N.D. Ala. July 1, 2013) (citation omitted).

*Progressive Speciality Ins. Co. v. Estate of Mock*, No. 1:16cv220-MHT-WC, 2017 WL 3953147, at *1 (N.D. Ala. Jan. 25, 2017), *rec. adopted*, 2017 WL 3953146 (N.D. Ala. Feb. 9, 2017).

And, insofar as Defendants were in default on November 1, 2023, *see* FED. R. CIV. P. 12(a)(1), they filed an answer the next day, which "constitutes defending an action within the meaning of Rule 55(a)" and effectively cures any earlier default such

that "default should not be entered" now. *Hudson v. State of N.C.*, 158 F.R.D. 78, 80 (E.D.N.C. 1994); *see also Brown v. California*, No. CV 23-1966 ODW (PVC), 2023 WL 3979449, at *1 (C.D. Cal. May 19, 2023) ("Even if these Defendants had been properly served, which the Court does not and need not find, the filing of a motion to dismiss, by itself, is sufficient to preclude entry of default." (collecting cases)).

The Clerk has not yet entered a default, and, even if "the Clerk entered default, the Court could set aside an entry of default upon a showing of good cause, which is not a difficult showing to make." *Bryant v. Patterson*, No. 7:18-cv-143-M-BP, 2019 WL 3431684, at *3 (N.D. Tex. July 16, 2019), *rep. & rec. adopted*, 2019 WL 3428934 (N.D. Tex. July 30, 2019). "In considering whether good cause exists to grant a defendant relief from the entry of default, the Court considers: (1) whether the failure to act was willful; (2) whether setting the default aside would prejudice the adversary; and (3) whether a meritorious claim has been presented. These factors are not exclusive; instead, they are to be regarded simply as a means to identify good cause." *Id.* at *4 (cleaned up).

Farmers "neither alleges nor presents evidence that [either defendant] acted willfully in filing [their] answer [two days] late. Had a default been entered against [either defendant], setting it aside would not prejudice [Farmers] because a scheduling order has not been entered, discovery has not been completed, and the case is still in the preliminary stages." *Id.* (cleaned up). And Defendants "acted expeditiously to correct any default by filing [their] answer the [second] day after the deadline." *Id.*

**Conclusion**

The Court DIRECTS the Clerk of Court to not enter default against Defendants Herman Haynes and Sharla Haynes and to terminate Plaintiff Farmers Lloyds Insurance Company of Texas's Request for Entry of Default [Dkt. No. 7].

SO ORDERED.

DATED: November 7, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE